UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY COOMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-1084-CEJ |
| ) | |
| NATIONWIDE MUTUAL INSURANCE ) | |
| COMPANY and DANIEL HENRY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand. Also before the Court is defendants' motion to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). The issues are fully briefed.

Plaintiff initiated this action in the St. Louis County Circuit Court, asserting claims of gender discrimination, in violation of the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010 *et seq.* (Count I); retaliatory discharge, in violation of the Missouri Workers Compensation Law, Mo. Rev. Stat. §§ 287.010 *et seq.* (Count II); and violation of the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq.* (Count III). Defendants removed the action, invoking federal question jurisdiction. *See* 28 U.S.C. § 1331.

In response to the motion to dismiss, plaintiff concedes that her FMLA claim should be dismissed because her "claims against [d]efendants as it relates to her medical leave [are] not [] FMLA issue[s] . . . ." [Doc. #21 at 6]. Because the parties agree that Count III fails to state an FMLA claim, dismissal of that count is required.

The Court's jurisdiction over this removed action is premised solely on federal question under 28 U.S.C. § 1331. However, the only claim that is based on federal law will be dismissed, leaving only the MHRA and workers compensation claims. Because the plaintiff's remaining claims involve only issues of state law, the Court declines to exercise supplemental jurisdiction over them. See *Wilson v. Miller*, 86 F. Supp. 3d 1027, 1036 (D. Minn. 2015) (declining to exercise supplemental jurisdiction over remaining state law claims where the court had dismissed one federal claim and the plaintiff had voluntarily withdrawn her only remaining federal claim). Therefore, the Court will not address the defendants' motion to dismiss Counts I and II and will remand the action to the state court.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #16] is **granted** as to Count III only. The motion is **moot** as to Counts I and II.

**IT IS FURTHER ORDERED** that all other pending motions are **moot**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-First Judicial Circuit Court of Missouri (St. Louis County), from which it was removed.

                                                */s/ Carol E. Jackson*
                                                CAROL E. JACKSON
                                                UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2015.